# Delaware County Trust, Safe Deposit & Title Insurance Company *v.* Lee.

*Appeals—Quashing   appeal—Conditional   verdict—Exception—Final judgment—Stranger to suit.*

On an appeal in an action of replevin the only error assigned was a conditional verdict, which was quoted.   No exception had been taken to the charge, nor was any final judgment entered.   The evidence was not brought up, nor was there anything in the record to connect the appellant with the suit.   *Held* that the appeal should be quashed.

Argued Nov. 20, 1903.   Appeal, No. 221, Oct. T., 1903, by H. May Dutton, from verdict of a jury in C. P. Delaware Co., March T., 1902, No. 79, in case of the Delaware County Trust, Safe Deposit & Title Insurance Company, Receiver, v. William Lee.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Replevin for machinery.

The court directed the conditional verdict quoted in the opinion of the Superior Court.

*Error assigned* was the conditional verdict as quoted.

*W. S. Harris,* for appellant.

PER CURIAM, December 19, 1903 :

This was an action of replevin in which the defendant pleaded non cepit and property.   The jury rendered the following verdict: " Verdict for defendant conditioned that the same be moulded by the court so that if, within such time as the court may fix, the sum of $350 and interest at five per cent from June 28, 1900, be paid to the defendant, that the verdict shall be entered for the plaintiff."

This appeal was taken by H. May Dutton, who alleges as error that the court gave binding instructions to the jury to render a conditional verdict in the form above stated.   But, first, it does not appear that the charge was excepted to; second, without having the evidence before us, we cannot determine whether it was erroneous to direct a conditional verdict; third, no final decree or judgment has been entered; fourth, so

far as the record shows, H. May Dutton, the appellant, is a stranger to the suit.   She has brought up nothing but the record proper, and by that her right to be heard here must be determined.   Her right to intervene to prosecute the suit nowhere appears in the paper-book submitted by her counsel.   If it appears in the proceedings had on the trial, then she should have had them certified and sent up with the record and printed.

The appeal is quashed at the costs of H. May Dutton.